# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# AT PIKEVILLE

**CRIMINAL ACTION NO. 06-24-GFVT**
**CIVIL ACTION NO. 11-7173-GFVT**

| | |
|---|---|
| UNITED STATES OF AMERICA | PLAINTIFF |
| v. | **REPORT AND RECOMMENDATION** |
| JAMES COTTLE | DEFENDANT |

\* \* \* \* \* \* \* \* \* \*

On June 20, 2011, Defendant James Cottle filed a pro se Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (R. 61). On August 8, 2011, the United States filed a response. (R. 64). On September 12, 2011, Defendant filed a reply. (R. 66). Having all relevant documents before the Court, this matter is now ripe for consideration and preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the reasons set forth below, it is **RECOMMENDED** that Defendant's § 2255 motion be **DENIED.**

## I. BACKGROUND

On October 23, 2006, a federal grand jury returned an eleven-count indictment against Defendant. (R. 3). On September 19, 2007, Defendant entered a plea of guilty to: Count 1, receipt of child pornography and Count 11, possession of child pornography. (R. 34). In exchange for his guilty plea, the Government agreed in the written Plea Agreement to move to dismiss Counts 2 through 10. (R. 35).

In the written Plea Agreement between Defendant and the Government, Defendant expressly agreed to waive his right to appeal and his right to collaterally attack his plea, conviction, and

sentence. (R. 41, at ¶ 11). However, Defendant reserved the right to appeal any legal determination that relates to the application of an enhancement to the Defendant's offense level. (R. 41, at ¶ 11). The Plea Agreement also reflected that Defendant understood the agreement, that his attorney had fully explained it to him, and that he was entering into the Agreement voluntarily. (R. 41, at ¶ 16).

On February 4, 2008, Defendant appeared before the Court for sentencing. (R. 44). During the sentencing, District Judge Van Tatenhove imposed a five-level enhancement to Defendant's offense level pursuant to U.S.S.G. § 2G2.2(b)(7)(D) because the offense involved more than 600 images of child pornography. (R. 52, at 79-80). On February 5, 2008, the Court sentenced Defendant to a term of imprisonment of 160 months on Count 1 and 100 months on Count 11 to be served concurrently, for a total term of imprisonment of 160 months, with supervised release for life to follow. (R. 45). Counts 2 through 10 were dismissed pursuant to the terms of the Plea Agreement. (R. 45).

On February 6, 2008, Defendant appealed the District Court's Judgment to the Sixth Circuit Court of Appeals. (R. 48). On December 1, 2009, the Sixth Circuit affirmed the Judgment. (R. 55). On May 12, 2010, Defendant filed a Petition for a writ of certiorari to the United States Supreme Court. (R. 57). On June 21, 2010, the Supreme Court denied that Petition. (R. 58).

On June 20, 2011, Defendant filed the pending Motion to Vacate, Set Aside or Correct Sentence. (R. 61). Defendant's motion presents four grounds for relief based on ineffective assistance of counsel: 1) failure to present witnesses and argue issues that would have reduced Defendant's sentence; 2) failure to argue that possession of child pornography is a lesser-included offense of receipt of child pornography; 3) failure to argue that the provisions of the Speedy Trial

2

Act were violated; and 4) failure to argue that the statutes of conviction were unconstitutional under the Necessary and Proper Clause.

## II.   ANALYSIS

Under 28 U.S.C. § 2255, a federal prisoner may seek habeas relief on grounds that his sentence violates the Constitution or laws of the United States, that the court was without jurisdiction to impose the sentence, or that the sentence was in excess of the maximum authorized by law or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). To succeed on a § 2255 motion alleging constitutional error, a defendant "must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

### A.   Defendant's Valid Waiver Bars Relief

The written Plea Agreement specifically provides that "Defendant waives the right to appeal and the right to attack collaterally the guilty plea, and conviction, including any order of restitution. The Defendant also waives the right to appeal his sentence." (R. 41, at ¶ 11). A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction. Thus, the relief sought by Defendant is barred by the express waiver executed in the Defendant's written plea agreement.

#### 1.   Defendant waived his right to collaterally attack his guilty plea and conviction.

A waiver is the "intentional relinquishment or abandonment of a known right." *United States v. Olano*, 507 U.S. 725, 733 (1993). The Sixth Circuit has consistently held that a criminal defendant may waive his right to collaterally attack his conviction or sentence in a plea agreement, as long as the waiver is knowing, intelligent, and voluntary. *See, e.g., United States v. McGilvery*,

403 F.3d 361, 363 (6th Cir. 2005); *Davila v. United States*, 258 F.3d 448, 451 (6th Cir. 2001); *Watson*, 165 F.3d at 489. Even a collateral attack based on ineffective assistance of counsel may be waived. As the Sixth Circuit stated, "[w]hen a defendant knowingly, intelligently, and voluntarily waives the right to collaterally attack his or her sentence, he or she is precluded from bringing a claim of ineffective assistance of counsel based on 28 U.S.C. § 2255." *Davila*, 258 F.3d at 451. A waiver is made knowingly and voluntarily if the defendant testified that his guilty plea was not coerced and that he reviewed and understood the agreement's terms. *Id.* An exception to the general rule exists if the collateral attack, including ineffective assistance of counsel, concerns the validity of the waiver itself. *See In re Acosta*, 480 F.3d 421, 422 (6th Cir. 2007).

Here, Defendant challenged the validity of the waiver in passing while discussing his second ground for relief. (R. 61, at 5). In the supporting facts section under ground two, Defendant claims that the Plea Agreement "was not knowingly" because he was unaware that possession of child pornography is a lesser-included offense of receipt of child pornography. (R. 61, at 5). However, this contention does not show that the waiver was invalid. Rather, the evidence supports a finding that his waiver was knowing and voluntary. In the instant case, the Defendant signed a Plea Agreement that provides, in pertinent part:

> 11. The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, and conviction, including any order of restitution. The Defendant also waives the right to appeal his sentence, except that the Defendant reserves the right to appeal any legal determination that relate [sic] to the application of enhancement of the Defendant's offense level pursuant to U.S.S.G. § 2G2.2(b)(5) and U.S.S.G. § 2G2.2(b)(7).
> . . .
> 16. The Defendant and his attorney acknowledge that the Defendant understands this Agreement, that his attorney has fully explained this Agreement to him, and that his entry into this Agreement is voluntary.

4

(R. 41, at ¶¶ 11, 16). At Defendant's rearraignment, the Court asked the Assistant United States Attorney to orally advise the Court and Defendant of the contents of the Plea Agreement in open court:

> THE COURT: I'm going to ask the attorney for the government to summarize the essential provisions of the plea agreement and I would ask you listen carefully and make sure that those provisions are the ones that you have agreed to and there's not something different there and I'll ask you whether or not that is the case when Ms. May is done with the summation of the plea agreement. Ms. May?
>
> MS. MAY: Thank you, your Honor...In paragraph 11 the defendant is waiving his right to appeal and his right to attack collaterally the guilty plea and conviction, including any order of restitution. The defendant also waives the right to appeal his sentence, except that the defendant is reserving the right to appeal any legal determination which relates to the application of the enhancement to the defendant's offense level pursuant to United States Sentencing Guideline Section 2G2.2(b)(5) and 2G2.2(b)(7)...
>
> THE COURT: Mr. Nash, is that an accurate summary of the plea agreement, sir?
>
> MR. NASH: Yes, your Honor.
>
> THE COURT: And, Mr. Cottle, I would just ask you whether or not the summary of the plea agreement that Ms. May has read into the record is your understanding of what the plea agreement contains?
>
> THE DEFENDANT: Yes, sir.

(R. 51, at 10-14). In addition, Defendant stated under oath that he was not threatened, forced or coerced into entering into the Plea Agreement. (R. 51, at 15). Thus, Defendant was well-informed when he voluntarily signed the Agreement and effectively waived his right to collaterally attack his guilty plea and conviction when he entered into it.[1]

---

[1] However, as noted earlier, Defendant reserved the right to appeal any legal determination that related to the enhancement of his offense level based on the number of images he possessed, pursuant to U.S.S.G. § 2G2.2(b)(7). The second search of the home he shared with his father yielded additional images that were used in reaching the 600 images required to impose the five-level enhancement to Defendant's

5

The language of the Plea Agreement and the dialogue at rearraignment establish that Defendant freely and voluntarily waived his right to collaterally attack his guilty plea and conviction. But it is not as clear from the Plea Agreement's wording whether Defendant also agreed to waive his right to collaterally attack his *sentence*.[2] To the extent there is any question about Defendant waiving his right to collaterally attack his sentence, or that any of his pending claims can be viewed as relating to the imposition of his sentence, what follows is the Court's consideration of the merits of each of Defendant's claims of ineffective assistance of counsel, which consideration demonstrates that each of these claims is without merit.

B.  **Defendant's Claims Lack Merit**

In general, a defendant asserting ineffective assistance of counsel must show not only that counsel's performance fell below an objective standard of reasonableness, but also that the deficient performance prejudiced defendant's defense so as to deprive defendant of the right to a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In order to satisfy this requirement, "the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Judicial scrutiny of counsel's performance is highly deferential. *Id.* at 689.

1.  **Counsel was not ineffective for failing to present witnesses and argue issues that would have reduced Defendant's sentence.**

---

offense level. Defendant appealed the validity of that second search, which the Sixth Circuit on direct appeal held was lawful.

[2]As previously quoted above, the Plea Agreement provides: "The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, and conviction, including any order of restitution. The Defendant also waives the right to appeal his sentence, except that the Defendant reserves the right to appeal any legal determination that relate [sic] to the application of enhancement of the Defendant's offense level pursuant to U.S.S.G. § 2G2.2(b)(5) and U.S.S.G. § 2G2.2(b)(7)." (R. 41, at ¶ 11).

Defendant argues that his counsel was ineffective because counsel failed to call witnesses to testify at the sentencing hearing, and that this testimony would have reduced his sentence. In his Reply, Defendant claims that counsel should have called his father and two children to testify at his sentencing hearing. (R. 66, at ¶ 2). Defendant's counsel originally planned to call Defendant's father to testify during the sentencing hearing, but determined on the day of the hearing that Defendant's father no longer had a clear memory of the relevant events, and therefore decided not to call him to testify. (R. 54, at 3-4). In general, decisions that "might be considered sound trial strategy" do not constitute ineffective assistance of counsel. *Michel v. Louisiana*, 350 U.S. 91, 101 (1955). As Defendant's father did not have a sound recollection of the relevant events, Defendant's counsel acted reasonably by not calling him as a witness. This decision constituted sound trial strategy and does not give rise to a claim for ineffective assistance of counsel.

Defendant also argues that his counsel was ineffective because he failed to file a motion to suppress evidence acquired during the allegedly illegal second search of Defendant's residence. The Sixth Circuit, however, held that the second search was legal because it was properly based on the valid consent of Defendant's father. (R. 55, at 5). Further, the Sixth Circuit noted that even if it found the second search to be illegal, the fruits of the search may still have been considered at sentencing. (R. 55, at 5). In addition, a § 2255 motion may not be made to relitigate an issue that was already raised and considered on direct appeal unless there are highly exceptional circumstances. *See Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999). As Defendant already raised this issue on direct appeal, and has failed to show any exceptional circumstances in this case, Defendant's argument fails under *Strickland.*

### 2. Counsel was not ineffective for failing to argue that possession of child pornography is a lesser-included offense of receipt of child pornography.

Defendant argues that counsel was ineffective for failing to argue that possession of child pornography is a lesser-included offense of receiving child pornography. The Sixth Circuit recently held that although "possession of child pornography is generally a lesser-included offense of receipt of child pornography, conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *United States v. Dudeck*, No. 09-3231, 2011 WL 3179902, at *5 (6th Cir. July 28, 2011). In *Dudeck,* the Sixth Circuit remanded the case to the district court with instructions to examine the record to determine whether the receipt and possession occurred on different dates; whether possession was undertaken after receipt by transfer to a different medium; or whether Dudeck was charged with possession of images for which he was not also charged with receipt. *Id.* at 6. In the instant case, such an examination of the record is not needed. Here, Counts 1 through 10 of the indictment charged Defendant with knowingly receiving ten specific images of child pornography between January 17, 2006, and April 17, 2006. (R. 3). In Count 11, Defendant was charged with knowingly possessing thirty-five specific images of child pornography on or about May 3, 2006. (R. 3; R. 46, at ¶ 13). Here, unlike in *Dudeck*, the record shows that receipt and possession occurred on different dates and that Defendant was charged with possessing certain images that he was not charged with receiving. Therefore, Defendant's convictions for receipt and possession did not violate the Double Jeopardy Clause.

### 3. Counsel was not ineffective for failing to argue that the provisions of the Speedy Trial Act were violated.

Defendant argues that counsel was ineffective for failing to argue that the Speedy Trial Act was violated. The Speedy Trial Act provides that any "indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Defendant claims that the Speedy Trial Act was violated because he was in state custody for longer than thirty days before the federal indictment was filed against him. However, an arrest by state officers does not constitute an arrest for purposes of the Speedy Trial Act. *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989). "A defendant is not 'arrested' for purposes of the Speedy Trial Act until formal federal charges are pending." *Id.* (citing *United States v. Sanchez*, 722 F.2d 1501, 1508 (11th Cir. 1984)). Thus, the amount of time Defendant was in state custody before the federal indictment was filed against him is irrelevant for purposes of the Speedy Trial Act.

In his Reply, Defendant argues that the state officers were constructively acting as federal officers when they arrested him. (R. 66, at ¶ 16). This argument also fails. "Regardless of the degree of federal involvement in a state investigation and arrest, only a federal arrest initiates the running of the time limitation established by 18 U.S.C. § 3161." *Blackmon*, 874 F.2d 1508 (citing *United States v. Adams*, 694 F.2d 200 (9th Cir. 1982)). Since an argument by counsel that the Speedy Trial Act was violated would have been futile, Defendant's ineffective assistance of counsel claim for failing to make such an argument fails.

  **4.**  **Counsel was not ineffective for failing to argue that the statutes of conviction were unconstitutional under the Necessary and Proper Clause.**

Defendant argues that counsel was ineffective for failing to argue that the statutes of conviction are unconstitutional under the Necessary and Proper Clause. Specifically, Defendant

9

argues that the Commerce Clause was not created to be punitive in nature. Similar challenges to statutes prohibiting possession and receipt of child pornography have been rejected by the Sixth Circuit. *See United States v. Gann*, 160 F. App'x 466 (6th Cir. 2005); *United States v. Chambers*, 441 F.3d 448 (6th Cir. 2006). Since this argument would have been meritless, Defendant's ineffective assistance of counsel claim for failing to raise the futile argument fails.

In summary, the above analysis demonstrates that Defendant's ineffective assistance of counsel claims are without merit. His Petition raising these claims should therefore be dismissed.

## III. CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11 of the Federal Rules Governing Section 2255 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. A certificate may issue only if a defendant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (addressing issuance of a certificate of appealability in the context of a habeas petition filed under 28 U.S.C. § 2254, which legal reasoning applies with equal force to motions to vacate brought pursuant to 28 U.S.C. § 2255). In cases where a district court has rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists would not debate the denial of Defendant's § 2255 motion or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is **RECOMMENDED** that a certificate of appealability be **DENIED** upon the District Court's entry of its final order in this matter.

## IV.  CONCLUSION AND RECOMMENDATION

For the reasons stated herein, **IT IS RECOMMENDED** that:

(1)  Defendant's Motion under 28 U.S.C. § 2255 (R. 61) be **DENIED**;

(2)  a Certificate of Appealability be **DENIED** by the District Court in conjunction with the Court's entry of its final order in this matter; and,

(3)  this action be **STRICKEN** from the active docket of this Court.

Specific objections to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service or further appeal is waived. Fed. R. Civ. P. 72(b)(2); *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to

another party's objections within fourteen (14) days of being served with a copy of those objections. Fed. R. Civ. P. 72(b)(2).

This 28th day of November, 2011.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\habeas petitions\2255 ineffective assistance counsel\11-7173 Cottle R&R.wpd