UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | | |
|---|---|---|
| JAMES COTTLE, | ) | |
| | ) | 7:11-cv-07173-GFVT-CJS |
| Petitioner, | ) | 7:06-cr-00024-GFVT-CJS |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM ORDER** |
| UNITED STATES OF AMERICA, | ) | **& OPINION** |
| | ) | |
| Respondent. | ) | |

*** *** *** ***

This matter is before the Court upon Petitioner James Cottle's *pro se* petition to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. [R. 61.] Consistent with local practice, this matter was referred to Magistrate Judge Candace J. Smith, who filed a Report and Recommendation, recommending that Cottle's motion be denied. [R. 68.]

Under Federal Rule of Civil Procedure 72(b)(2), a petitioner has fourteen days after service to register any objections to the Report and Recommendation or else waive his rights to appeal. In order to receive *de novo* review by this Court, any objection to the recommended disposition must be specific. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007). A general objection that fails to identify specific factual or legal issues from the Recommendation, however, is not permitted, since it duplicates the Magistrate's efforts and wastes judicial economy. *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Cottle filed timely objections to the Recommendation. [R. 69.] Although some of his objections are not sufficiently specific under the above criteria, the Court acknowledges its duty to review his filings under a more lenient standard than the one applied to attorneys because he is proceeding *pro se*. *See Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985). Under a more lenient construction, some of Cottle's objections are sufficiently definite to trigger this Court's obligation to conduct a *de novo* review. *See* U.S.C. § 636(b)(1)(c). The Court has satisfied that duty, reviewing the entire record, including the pleadings, the parties' arguments, relevant case law and statutory authority, as well as applicable procedural rules. For the following reasons, Cottle's objections will be OVERRULED.

## I

On October 28, 2006, James Cottle was indicted with ten counts of receipt of child pornography under 18 U.S.C. § 2252(a)(2), and one count of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B). [R. 3.] On September 19, 2007, Mr. Cottle entered a guilty plea to Count 1 and Count 11 of the indictment; in exchange, the Government moved to dismiss Counts 2 through 10. [R. 34; R. 35.] As Judge Smith's Report and Recommendation appropriately notes, Mr. Cottle expressly agreed to waive his right to appeal and his right to collaterally attack his plea, conviction, and sentence as part of his Plea Agreement. [R. 41.] He reserved, however, the right to appeal any legal determination relating to the application of an enhancement at sentencing. [*Id.*] Importantly, the Plea Agreement reflected that Mr. Cottle understood the agreement, that his attorney had fully explained the agreement, and that he was entering into the agreement voluntarily. [*Id.*] In addition to the Plea Agreement's reflection of voluntariness, Mr. Cottle testified under oath to his voluntariness before the Court during his rearraignment proceeding. [R. 51; *see also* R. 68 at 5.]

2

Mr. Cottle appealed the District Court's Judgment against him to the Sixth Circuit Court of Appeals [R. 48], and the Sixth Circuit affirmed the Judgment. [R. 55.] Subsequently, Mr. Cottle filed a petition for a writ of certiorari to the United States Supreme Court [R. 57], but the Supreme Court denied further consideration of his case. [R. 58.] Defendant then filed the Motion to Vacate, Set Aside or Correct Sentence that is now before the Court. [R. 61.] Judge Smith considered Mr. Cottle's motion and recommended that it be denied. [R. 68.] Upon careful consideration, she found that Mr. Cottle waived his right to collaterally attack his guilty plea and conviction because of the Plea Agreement into which he entered. She also found that, should any questions exist regarding Mr. Cottle's waiver of his right to collaterally attack his sentence, the ineffective assistance of counsel claims in Mr. Cottle's motion lack merit and should be denied.

Judge Smith's Report and Recommendation accurately sets forth the factual and procedural background of the case and the applicable standard of review for granting habeas relief pursuant to § 2255. Except for what the Court supplements in its discussion, the Court has nothing further to add and therefore incorporates her discussion of the record and the standard of review into this Order.

## II

Mr. Cottle submitted eight objections to Magistrate Judge Smith's Report and Recommendation. [R. 69.] The Court finds, however, that the second, third, and fourth objections are related and may be considered as one, *see* Sub-Section B, *supra*, and also that the sixth, seventh, and eighth objections are sufficiently related and may likewise be grouped together, *see* Sub-Section D, *supra*. According to this basic restructuring scheme, the Court considers each of Cottle's objections in turn.

3

**A**

In his first objection, Cottle asserts that the validity of the waiver of his rights has been called into question.  Mr. Cottle argues that "not being trained in the intricacies of the law itself, [he] was not fully cognizant that his legal counsel had bargained away a portion of his Due Process Rights."  [R. 69 at 1.]  But as Magistrate Judge Smith's Recommendation points out, Cottle had multiple opportunities to realize the consequences of entering into a Plea Agreement.  First, the language of the Plea Agreement indicates Cottle's voluntariness.  The Agreement plainly explains that Cottle was waiving his right to appeal and to collaterally attack the guilty plea, conviction, and aspects of sentencing.  [*See* R. 41 at ¶ 16 ("The Defendant waives the right to appeal and the right to attack collaterally the guilty plea, and conviction . . . The Defendant also waives the right to appeal his sentence . . .).]  Specific language in the Plea Agreement expresses the waiver of rights was knowing and voluntary.  [*Id.* at ¶ 11 ("The Defendant and his attorney acknowledge that the Defendant understands this Agreement . . . .).]  If, for some reason, Cottle did sign the plea agreement without fully understanding his rights, Cottle was given another opportunity to understand the consequences of his actions at the rearraignment proceeding, when he orally discussed his rights with the Court and the Assistant United States Attorney.  [R. 51.]  Although Mr. Cottle now argues he was not cognizant of his actions at the time, there is no evidence in the record to suggest that he did not voluntarily and knowingly enter into the Plea Agreement and its accompanying waivers.  Therefore, the Court agrees with the Magistrate Judge's Recommendation and Cottle's first objection is overruled.

**B**

Next, Cottle questions the Recommendation's explanation and analysis of Count 11 of the Indictment, arguing that the Recommendation "does not accurately reflect what was stated in

the Indictment." [R. 69 at 2.] In his petition, Cottle alleges that his counsel was ineffective for failing to argue that possession of child pornography, for which he was charged in Count 11 of the Indictment, is a lesser-included offense of receiving child pornography, for which he was charged in Counts 1 through 10. [*See* R. 3.] While possession of child pornography generally is considered a lesser-included offense of receipt, the Sixth Circuit has held that "conviction under both statutes is permissible if separate conduct is found to underlie the two offenses." *United States v. Dudeck*, No. 09-3231, 2011 WL 3179902, at *5 (6th Cir. July 28, 2011).

In Cottle's case, separate conduct did underlie the two offenses. The Indictment specifically states that Counts 1 through 10 stemmed from conduct beginning on or about January 17, 2006, and continuing through on or about April 17, 2006, while the conduct relevant to Count 11 occurred on or about May 3, 2006. [R. 3.] Cottle is correct that the Indictment is silent regarding the "thirty-five specific images" referenced in the Magistrate Judge's Recommendation and questions why and from where the Magistrate Judge referenced that number. [See R. 69 at 2.] While Judge Smith did not find that number in the Indictment itself, she could have found it in various other parts of the record. Indeed, a review of the record clearly indicates that Count 11 involved thirty-five images, just as the Recommendation says, and that the parties were not in dispute regarding that number as part of the possession count. [*See, e.g.*, R. 39-2; R. 46; R. 52 at 6.]

On the whole, the Magistrate's Report and Recommendation properly explained the law regarding when possession is a lesser-included offense of receipt and also properly found that, in this case, Cottle can be charged under both statutes. Accordingly, Cottle's objection that the Recommendation fails to accurately reflect the Indictment is overruled, and the Court finds that

Cottle's counsel was not ineffective for failing to argue that Count 11 was a lesser included offense of Count 1.

C

Cottle's next objection concerns Ground One of his Motion to Vacate: "ineffective assistance of trial counsel for failure to present witnesses and argue issues which would have reduced sentence."  [R. 61.]  Mr. Cottle argues that the Magistrate Judge "failed to combine" his ineffective assistance of counsel claims as they relate to a Fourth Amendment warrantless search issue Cottle has continuously raised throughout his case.  Mr. Cottle asks that, before the Court accept the Magistrate's Recommendation, it consider his contentions that (a) calling his father to the witness stand would have materially aided him and prevented admission of evidence discovered through the warrantless search, and (b) two witnesses to the warrantless search—who were minors at the time of the underlying proceedings—are now adults and are able and willing to testify regarding the alleged Fourth Amendment violation.

As Magistrate Judge Smith's Recommendation explains, decisions that "might be considered sound trial strategy" are not grounds for ineffective assistance of counsel.  *See Michel v. Louisiana*, 350 U.S. 91, 101 (1955).  It is true that Cottle's counsel called neither Cottle's father nor the two other underage witnesses referenced in his Objections to testify at sentencing about the consent, or lack thereof, for the warrantless search.  [*See* R. 52.]  However, counsel's decision not to call any of the three witnesses can be considered sound trial strategy.  The record indicates that counsel originally intended to call Raymond Cottle, Mr. Cottle's father, but that on the day of the proceeding, counsel did not consider Raymond Cottle fit to testify:

> Your Honor, I had indicated in our objections my intent to call Mr. Raymond Cottle who is here in the courtroom today.  I have interviewed Mr. Cottle both in person and over the telephone over the period that this case has been pending on several occasions.  He's 73 years old, and I met with him here at the courthouse

6

> early this afternoon, and I don't know if it has been the passage of time or, you
> know, if he is having some health difficulties today, but although he is here ready
> to testify, his memory of the relevant events is far from clear today. . . . [A]fter
> that meeting I don't know that it would be helpful to the court to the issues to
> offer him as a witness today.  So, at this point, I don't think I intend on putting
> any witnesses on.

[R. 52 at 3-4.]  At the time, the Court responded that the matter was "within [counsel's] sound discretion."  [*Id.* at 4.]  A failure to call Raymond Cottle, whose memories of the warrantless search in question were faulty at best, does not equate ineffective assistance of counsel.  Further, counsel's failure to call two minors—neither of whom was alleged to have possibly given consent in the first place—does not amount to ineffective assistance of counsel.  As Judge Smith's Recommendation notes, the Sixth Circuit found the allegedly unconstitutional search to be legal on appeal, regardless of the fact that Raymond Cottle did not testify.  [R. 55 at 5; R. 68 at 7.]  Under the circumstances, counsel's decision to refrain from calling witnesses and to instead rely on cross-examination was a choice within his discretion.  Thus, Cottle's objection regarding the calling of witnesses is overruled.

### D

Towards the end of his Response to the Magistrate's Recommendation, Mr. Cottle objects to the way Magistrate Judge Smith interprets three different constitutional provisions.  In this portion of his Response, Mr. Cottle fails to articulate specific objections to the Magistrate's analysis but rather reiterates the same arguments and objects generally to the Magistrate's conclusions.  First, he argues that the Magistrate Judge misinterprets the Speedy Trial Act.  Next, he argues that the Magistrate Judge erred in her analysis of the Commerce Clause.  Finally, he disagrees with the Magistrate Judge's interpretation of 28 U.S.C. § 2253(a) regarding appeal.

The Court finds that, contrary to Mr. Cottle's assertions, the Report and Recommendation accurately reflects the law on each constitutional or statutory provision.

In regard to the Speedy Trial Act, 18 U.S.C. § 3161(b), Magistrate Judge Smith correctly stated that an arrest by state officers does not constitute an arrest under the Act.  [R. 68 at 9, citing *United States v. Blackmon*, 874 F.2d 378, 381 (6th Cir. 1989).]  Instead, a defendant is not considered "arrested" under the Speedy Trial Act "until formal federal charges are pending," regardless of the level of federal involvement with the state arrest.  *Blackmon*, 874 F.2d at 381. Therefore, Cottle's argument about state officers acting as federal officers fails under the law.

Judge Smith also correctly interpreted the Commerce Clause and the Necessary and Proper Clause.  In his objections, Cottle argues that the Commerce Clause is civil rather than criminal in nature and, thus, his counsel failed to properly assist him by not raising a constitutional argument about the jurisdictional bases behind 18 U.S.C. § 2252 at the relevant time.  However, as the Recommendation explains, similar challenges before the Sixth Circuit have been rejected, and counsel's argument would have been futile even if made.  Where counsel's argument would have been futile, there is no ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984).

Finally, Magistrate Judge Smith did not err in her analysis of 28 U.S.C. § 2253(a) regarding appeal rights.  A certificate of appealability to the Sixth Circuit Court of Appeals should only issue where "the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Cottle does not question whether or not reasonable jurists could differ in their interpretation of his constitutional rights; he merely objects

to how the Recommendation sets forth the law regarding 28 U.S.C. § 2253(a).  This Court, like the Magistrate's Recommendation, finds that reasonable jurists would not debate the denial of Cottle's habeas petition.  Therefore, Judge Smith's recommendation to deny a certificate of appealability was proper.

### III

In conclusion, after reviewing *de novo* the entire record, as well as the relevant case law and statutory authority, the Court agrees with Judge Smith's analysis of Cottle's claims.  The Court also denies a certificate of appealability pursuant to 28 U.S.C. § 2253(c) as to each issue asserted.  Under Rule 11 of the Federal Rules Governing § 2255 Proceedings, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant . . ." Rules Governing Section 2255 Proceedings, Rule 11.  As explained above in response to Cottle's objections, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  As set forth by the United States Supreme Court, this standard requires the petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack,* 529 U.S. at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).  Under this standard, the Court believes that this Order, which adopts and incorporates by reference the Magistrate Judge's Recommendation, is not debatable enough to issue a certificate of appealability.  Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. The Petitioner's Objections to the Magistrate's Report and Recommendation [R. 69] are **OVERRULED**;

2. The Magistrate Judge's Report and Recommendation [R. 68] is **ADOPTED** as and

for the opinion of this Court;

    3.  The Petitioner's § 2255 Petition [R. 61] is **DISMISSED WITH PREJUDICE**;

    4.  A Certificate of Appealability is **DENIED** as to all issues raised by Petitioner; and

    5.  **JUDGMENT** in favor of the Respondent will be entered contemporaneously

herewith.

    This the 13th day of November, 2015.

Gregory F. Van Tatenhove
United States District Judge